IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| L ROTHSCHILD EXPRESS TRUST, )<br>)<br>Claimant, )<br>)<br>v. )<br>)<br>STATE OF WASHINGTON, )<br>)<br>Respondent. ) | Case No. CIV-23-00465-JD |

## ORDER

Before the Court is the Amended Motion for Summary Judgment ("Motion") [Doc. No. 6] filed by Dominick Wernicke ("Wernicke") on behalf of L Rothschild Express Trust (the "Trust"). For the following reasons, the Court strikes the Motion without prejudice to refiling and issues this show cause order as to why this case should not be dismissed.

Wernicke is the Trust's trustee. He initiated this suit on behalf of the Trust by filing a "Bill of Claim in Equity" ("Bill") against Respondent State of Washington. [Doc. No. 1].[1] It is not clear from the Bill how Wernicke can bring this action on behalf of the Trust, how this Court has subject-matter jurisdiction, or how the Trust has stated a claim for relief.

---

[1] In the Bill and Motion, the case's caption is listed as *L Rothschild Express Trust v. State of Washington*. Under the "Parties" heading, the Trust is listed as a claimant, Washington as the respondent, and Wernicke as the Trust's trustee. Because the pleadings, even liberally construed, give no indication that Wernicke is involved in this suit in his individual capacity, the Court construes his actions to be on behalf of the Trust.

First, "[f]ederal law authorizes parties to 'plead and conduct *their own cases* personally or by counsel.'" *United States v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019) (unpublished) (quoting 28 U.S.C. § 1654). "Although individuals may represent their own personal interests without an attorney, artificial entities may appear in court only through licensed counsel." *Id.* Trusts are artificial entities. *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1176, 1179 (10th Cir. 2015), *as amended* (Jan. 27, 2015), *aff'd sub nom. Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016). So, unless a trustee is a licensed attorney, he or she cannot represent a trust in court. *See Lain*, 773 F. App'x at 477. This Court's Local Rules similarly state that "[p]arties who are not natural persons may not appear pro se." LCvR17.1.

Wernicke does not appear to be a licensed attorney. And although he can represent himself pro se, he cannot represent the Trust. Here, in addition to filing the Motion, Wernicke filed the Bill on the Trust's behalf. Because Wernicke does not appear to be a licensed attorney, he is not allowed to practice law by representing the Trust or filing pleadings or motions on its behalf. Thus, at this point, the filing of the Motion [Doc. No. 6] is improper and the Court strikes it without prejudice to refiling if the Trust satisfies this Order. *Cf. Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (explaining that courts have "inherent power . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Second, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and the Court's inquiry may be raised "at any stage in the litigation." *Arbaugh v. Y&H Corp.*,

546 U.S. 500, 506, 514 (2006). A party seeking the exercise of jurisdiction in his favor "must allege in his pleading the facts essential to show jurisdiction." *Penteco Corp. Ltd. Partnership–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citation omitted); *see also id.* ("Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.") (citation omitted).

"[I]t is settled that the jurisdiction of a court of the United States must appear from distinct allegations, or from facts clearly proven, and is not to be established argumentatively or by mere inference." *Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 218 (1904). "The presumption is that a cause is without [ ] jurisdiction . . . unless the contrary affirmatively and distinctly appears." *Id.* (citation omitted).

Here, even liberally construing the Bill, it is not clear from the Bill that the Court has subject-matter jurisdiction over the Bill against Respondent State of Washington. *See also* Fed. R. Civ. P. 8(a)(1) (the pleading must contain "the grounds for the court's jurisdiction").[2] The Court thus requires the Trust to show how the Court has subject-matter jurisdiction over this suit.

Finally, it is unclear that the Bill states a claim showing the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6); *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (noting the Court may raise the issue of

---

[2] Moreover, the Eleventh Amendment grants immunity to the states from "any suit in law or equity . . . by Citizens of another State" or by their own citizens." U.S. Const. amend. XI. "[T]he Eleventh Amendment becomes a limitation on [a court's] subject-matter jurisdiction . . . ." *Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001).

failure to state a claim on its own initiative). The Bill asserts violations of federal criminal statutes (18 U.S.C. §§ 241, 242, and 245), but these statutes do not provide private causes of action. *See* 34 U.S.C. § 12601; *Tucker v. United States Ct. of Appeals for Tenth Cir.*, 815 F. App'x 292, 294 (10th Cir. 2020) (unpublished) (explaining that § 12601 "affords enforcement only to the Attorney General") (citing cases holding no private right of action to enforce federal criminal statutes). And, in any event, it is unclear how the Trust has standing to enforce the federal criminal statutes cited in the Bill against Respondent State of Washington. *Cf. Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" (citations omitted)); *King v. Keller*, 211 F. App'x 764, 765–66 (10th Cir. 2007) (unpublished) (same). The Trust should therefore explain how it has stated a claim entitling it to relief under Rule 8 and why the Bill should not be dismissed under Rule 12(b)(6) for failure to state a claim for relief.

In sum, the Court strikes the Motion [Doc. No. 6] without prejudice to it being refiled if the Trust can satisfy the preliminary defects identified in this Order. The Trust is directed to show cause no later than **December 15, 2023**, why this action should not be dismissed because of (1) lack of representation of the Trust, (2) lack of subject-matter jurisdiction, and (3) the failure to comply with Federal Rules of Civil Procedure 8 and 12(b)(6) to state a claim. In the absence of such a showing, this action may be dismissed without prejudice to refiling and without further notice to Wernicke or the Trust.

IT IS SO ORDERED this 1st day of December 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE